UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT STEPHEN FAZIO,**

    **Plaintiff,**

v.                                                                                                                  Case No. 8:21-cv-2180-AAS

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## **ORDER**

      Robert Stephen Fazio requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **REMANDED**.

**I.    PROCEDURAL HISTORY**

      Mr. Fazio applied for SSI and DIB on August 28, 2020 and alleged disability beginning on May 31, 2020. (Tr. 277–294). Disability examiners denied Mr. Fazio's applications initially and after reconsideration. (Tr. 102–103, 158–159). At Mr. Fazio's request, the ALJ held a hearing on May 4, 2021.

1

(Tr. 31–59). The ALJ issued an unfavorable decision to Mr. Fazio on May 21, 2021. (Tr. 12–30).

On July 13, 2021, the Appeals Council denied Mr. Fazio's request for review, making the ALJ's decision final. (Tr. 1–6). Mr. Fazio requests review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Fazio was thirty-seven years old on his alleged onset date of May 31, 2020, and on the date he applied for SSI and DIB, August 28, 2020. (Tr. 282, 291). Mr. Fazio was a helicopter mechanic for the United States Marine Corps from February 2002 until he was honorably discharged in February 2007. (Tr. 38, 295). Mr. Fazio has at least a high school education, and past relevant work as a transporter. (Tr. 323).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b),

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

2

416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent his from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. Fazio did not engage in substantial gainful activity since May 31, 2020. (Tr. 17). The ALJ found Mr. Fazio had these severe impairments: mild compression deformity of L1, right shoulder osteoarthritis, right knee meniscal tear, depression, obsessive-compulsive disorder (OCD),

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

attention deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), alcohol use disorder, and cannabis use disorder. (*Id.*). But the ALJ concluded none of Mr. Fazio's impairments or any combination of his impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 18).

The ALJ found Mr. Fazio had the RFC to perform with the following non-exertional limitations:

> [Mr. Fazio] has the residual functional capacity to lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently, and sit, stand or walk each for about 6 hours of an 8 hour workday with normal and customary breaks. [He] must avoid climbing ropes and scaffolds, can occasionally climb ladders, ramps and stairs, can frequently balance, and can occasionally stoop, kneel, crouch, and crawl. [He] can frequently reach overhead with his right upper extremity. [He] should avoid concentrated exposure to hazards. [He] can perform, understand, remember, and carry out simple routine tasks and instructions and he can occasionally interact with co-workers and the public, but his work should not have fast-paced production quotas.

(Tr. 19).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Fazio could not perform his past relevant work. (Tr. 25). The ALJ then determined Mr. Fazio could perform other jobs existing in significant numbers in the national economy, specifically as an office helper, flagger, and equipment tender. (Tr. 26). As a result, the ALJ found Mr. Fazio not disabled from May 31, 2020, through the date of the ALJ's decision, May

4

21, 2021. (Tr. 26).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also*

5

*Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.     Issue on Appeal

Mr. Fazio raises two arguments on appeal in support of one fundamental claim: that the ALJ erred in concluding Mr. Fazio's severe impairments did not meet the listed impairment for PTSD. (Doc. 16, pp. 20–28, 33–35). The Commissioner contends substantial evidence supports the ALJ's conclusions. (*Id.* at. 28–33, 35–37).

Listing 12.15 sets out the criteria a claimant must meet to be found impaired with PTSD. To meet this criteria, the claimant must first satisfy "Paragraph A," which requires "[m]edical documentation of all of the following: 1. Exposure to actual or threatened death, serious injury, or violence; 2. Subsequent involuntary re-experiencing of the traumatic event (for example, intrusive memories, dreams, or flashbacks); 3. Avoidance of external reminders of the event; 4. Disturbance in mood and behavior; and 5. Increases in arousal and reactivity (for example, exaggerated startle response, sleep disturbance)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15(A).

The claimant must then produce medical evidence satisfying either "Paragraph B" or "Paragraph C" of Listing 12.15. Paragraph B requires medical evidence showing an "[e]xtreme limitation of one, or marked limitation

of two, of the following areas of mental functioning (see 12.00F): 1. Understand, remember, or apply information (see 12.00E1). 2. Interact with others (see 12.00E2). 3. Concentrate, persist, or maintain pace (see 12.00E3). 4. Adapt or manage oneself (see 12.00E4)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15(B). Paragraph C requires medical evidence showing the claimant's PTSD is "serious and persistent," meaning the claimant has "a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both: 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15(C).

Mr. Fazio argues the ALJ erred in concluding the medical evidence did not establish Mr. Fazio met the requirements of Paragraph B and Paragraph C. (Doc. 16, pp. 20–28, 33–35). In support of his argument, Mr. Fazio relies on a single case: *Upton v. Saul*, No. 5:18-cv-1576-GMB, 2020 WL 837909 (N.D. Ala. Feb. 19, 2020). In *Upton*, the court remanded the ALJ decision at issue because the ALJ's "step three discussion ostensibly consist[ed] of only one sentence" and thus failed to sufficiently analyze whether the claimant met the requirements for several neurological disorders that share the exact criteria

needed to meet Listing 12.15. *Id.* at *4–7. The court determined the ALJ did not "did not discuss any medical evidence relating to [the claimant's] mental health" and did not "reference any medical evidence in support of [the ALJ's] opinion[]" that the claimant did not meet the requirements of Paragraph B. *Id.* at *6. While the court in *Upton* noted the ALJ engaged in "some discussion of the paragraph B criteria" in discussing the claimant's testimony on their daily activities, the court concluded the ALJ's failure to cite medical evidence left the court unable to "determine whether the ALJ applied the proper legal standards." *Id.*

As applied to this case, the court is similarly unable to determine whether the ALJ applied the proper legal standards in examining Mr. Fazio's claimed impairment of PTSD. In particular, the court cannot adequately examine the ALJ's conclusion that Mr. Fazio does not meet the Paragraph C requirements of Listing 12.15.

The ALJ's consideration of the Paragraph C requirements is limited to the following two sentences:[4] "[t]he undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to

---

[4] Curiously, the Commissioner fails to address the brevity of the ALJ's consideration of the Paragraph C requirements in light of *Upton* despite addressing and distinguishing the relevant portion of *Upton* in examining the ALJ's consideration of the Paragraph B requirements. *Compare* (Doc. 16, p. 32) (arguing "unlike the ALJ in *Upton*, the ALJ here did actually reference some of [Mr. Fazio's] medical records") *with* (*Id.* at 35) (merely noting the ALJ "considered the paragraph C criteria").

establish the presence of the 'paragraph C' criteria." (Tr. 19). As in *Upton*, the ALJ appears to "acknowledge[] these shortcomings in [his] analysis," as "the ALJ noted that steps four and five 'require a more detailed assessment.'" (*Id.*); *Upton*, 2020 WL 837909, at *6.

The Commissioner argues *Upton* is inapplicable to this case because *Upton* contained "no mention whatsoever" of Paragraph C requirements and because *Upton*, as a case from the Northern District of Alabama, is not "binding legal precedent." (Doc. 16, pp. 35–36). The Commissioner is correct insofar as the court in *Upton* did not mention Paragraph C requirements. *See generally Upton*, 2020 WL 837909. But Paragraph B and Paragraph C are equally relevant as necessary-not-sufficient elements to a claim of impairment under Listing 12.15. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15 ("Trauma- and stressor-related disorders . . . [are] satisfied by [Paragraphs] A and B, or A and C"). The court in *Upton*'s discussion of Paragraph B is not tailored to the specific requirements of Paragraph B and is thus applicable to Paragraph C.

Further, that *Upton* is not binding precedent on this court is of little significance because *Upton* is a basic application of longstanding Eleventh Circuit precedent that an ALJ's "'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (*citing Keeton v. Dep't of Health & Human*

9

*Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

This is especially true where, as here, the ALJ later cites to medical evidence supporting the opposite conclusion. The ALJ discusses a May 2, 2018 report by Lynn M. Gulick, Ph.D. that noted Mr. Fazio had been diagnosed with behavioral disorders as early as 2014. (Tr. 23–24) (*citing* (Tr. 524)). That report also noted Mr. Fazio began receiving prescription medicine and group therapy for his PTSD in 2016. (*Id.*). The ALJ notes Mr. Fazio repeatedly alternated between different medications and therapeutic efforts between 2019 and 2021, including being placed on mood stabilizers on October 27, 2020 and changing mood stabilizers on February 17, 2021. (Tr. 21–24) (*citing* (Tr. 2201, 2248)). The ALJ also cites to medical records showing Mr. Fazio was discharged from an inpatient Veterans Affairs program in September 2019 for "substantial violation of program rules or failure to comply with program requirements to the extent that [Mr. Fazio's] behavior created risk of harm to other Veterans in the program." (Tr. 21) (*citing* (Tr. 745)). While the ALJ addresses the persuasiveness of certain psychological evaluations Mr. Fazio has undertaken (Tr. 23–24), the ALJ at no point considers whether this medical evidence satisfies the Paragraph C requirements.

The ALJ's failure to materially discuss the Paragraph C requirements of Listing 12.15 warrants remand. On remand, the ALJ should consider the medical evidence in the record and substantively discuss whether Mr. Fazio

meets the Paragraph A, B, and C requirements of Listing 12.15.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

**ORDERED** in Tampa, Florida on August 19, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge